# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOSES K. SINDWAY, | : | No. 3:16cv2350 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Saporito) |
| NANCY A. BERRYHILL,[1] | : | |
| Deputy Commissioner | : | |
| of Operations of | : | |
| Social Security, | : | |
| Defendant | : | |

## **MEMORANDUM**

Before the court for disposition is a report and recommendation (hereinafter "R&R") filed by Magistrate Judge Joseph F. Saporito, Jr. in this Social Security appeal. The R&R recommends affirming the decision of the Social Security Commissioner to deny benefits to Plaintiff Moses K. Sindway. Plaintiff has filed objections to the R&R, and the matter is ripe for disposition.

**Background** [2]

---

[1] Plaintiff listed Carolyn W. Colvin, Acting Commissioner of Social Security as the defendant in this case. Subsequently, Nancy A. Berryhill replaced her as the Acting Commissioner of Social Security. See OFFICIAL SOCIAL SECURITY WEBSITE, https://www.ssa.gov/agency/commissioner.html (last accessed August 8, 2018). Berry now leads the agency as the "Deputy Commissioner for Operations." Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Berryhill is automatically substituted as the named defendant.

[2] For this brief background section/procedural history, we have foregone citations to the record as these matters are not contested.

Plaintiff protectively filed a Title II application for disability insurance benefits and a Title XVI application for supplemental security income on September 24, 2014. He claimed that conditions relating to back pain and diabetes mellitus disabled him and rendered him unable to work. Sindway's applications were denied at the initial level of administrative review on January 7, 2014.

Plaintiff requested review of the denial, and an Administrative Law Judge (hereinafter "ALJ") held a hearing. Throughout the proceedings, counsel represented plaintiff. At the hearing, Andrew Caporale, an impartial vocational expert (hereinafter "VE") testified.

The ALJ denied plaintiff's claims with a written decision on April 24, 2015. Plaintiff requested review from the Appeals Council of the Office of Disability Adjudication and Review. The Appeals Council denied review on September 26, 2016. Thus, the ALJ's 2015 decision denying plaintiff's claims became the final decision of the Commissioner.

Plaintiff appealed the denial of benefits to this court by filing a complaint on November 22, 2016. The Clerk of Court assigned the case to Magistrate Judge Saporito for the issuance of an R&R. On March 13, 2018, Magistrate Judge Saporito issued his R&R wherein he recommends affirming the Commissioner's

denial of benefits. Plaintiff objects to the R&R, bringing the case to its present posture.

**Standard of review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

For portions of the R&R that have not be objected to, we must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

In reviewing a Social Security appeal, the court must determine whether "substantial evidence" supports the ALJ's decision. See 42 U.S.C. § 405(g); Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012); Plummer v.

3

Apfel, 186 F.3d 422, 427 (3d Cir. 1999). The United States Supreme Court defines "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966). The Third Circuit Court of Appeals explains that "substantial evidence has been defined as 'more than a mere scintilla;' it means 'such relevant evidence as a reasonable mind might accept as adequate.' " Hagans, 694 F.3d at 292 (quoting Plummer, 186 F.3d at 427).

The court should not reverse the Commissioner's findings merely because evidence may exist to support the opposite conclusion. *See* 42 U.S.C. § 405(g); Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005) (stating that courts may not weigh the evidence or substitute its own conclusion for those of the fact-finder); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (indicating that when an ALJ's findings of fact are supported by substantial evidence, courts are bound by those findings, even if they would have decided the factual inquiry differently). In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo, 383 U.S. at 620.

**Discussion**

    **Sequential Evaluation Process**

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any **substantial gainful activity** by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). An individual is incapable of engaging in "substantial gainful activity" when "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423(d)(2)(A).

The Commissioner evaluates disability insurance and supplemental security income claims with a five-step sequential analysis. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). This analysis requires the Commissioner to consider, in sequence, whether a claimant (1) is engaging in substantial gainful activity,[1] (2) has an impairment, or combination of impairments, that is severe,[2]

---

[1] "Substantial gainful activity" is work that "involves doing significant and productive physical or mental duties" and "is done (or intended) for pay or profit." 20 C.F.R. §§ 404.1510 and 416.910. If the claimant is engaging in "substantial gainful activity", the claimant is not disabled and the sequential evaluation proceeds no further.

5

(3) has an impairment or combination of impairments that meets or equals the requirements of a "listed impairment,"[3] (4) has the "residual functional capacity" to return to his or her past work and (5) if not, whether he or she can perform other work in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(i)-(v) and 416.920(a)(4)(i)-(v).  As part of step four, the administrative law judge must

---

[2] The determination of whether a claimant has any severe impairment that has lasted or is expected to last for a continuous period of at least twelve (12) months, at step two of the sequential evaluation process, is a threshold test. 20 C.F.R. §§ 404.1509, 404.1520(c) and 416.920(c).  If a claimant does not have an impairment or combination of impairments which significantly limits his physical or mental abilities to perform basic work activities that has lasted or is expected to last for a continuous period of at least twelve (12) months, the claimant is "not disabled" and the evaluation process ends at step two.  Id.  If a claimant has any severe impairments, the evaluation process continues.  20 C.F.R. §§ 404.1520(d)-(g) and 416.920(d)-(g).  Furthermore, all medically determinable impairments, severe and non-severe, are considered in the subsequent steps of the sequential evaluation process.  20 C.F.R. §§ 404.1523, 404.1545(a)(2), 416.923 and 416.945(a)(2).  An impairment significantly limits a claimant's physical or mental abilities when its effect on the claimant to perform basic work activities is more than slight or minimal.  Basic work activities include the ability to walk, stand, sit, lift, carry, push, pull, reach, climb, crawl and handle. 20 C.F.R. § 404.1545(b).  An individual's basic mental or non-exertional abilities include the ability to understand, carry out and remember simple instructions, and respond appropriately to supervision, coworkers and work pressures.  20 C.F.R. § 1545(c).
[3] A "listed impairment" is one that appears on the Commissioner's Listing of Impairments, which is "a list of impairments presumed severe enough to preclude any gainful work." Sullivan v. Zebley, 493 U.S. 521, 525 (1990).  If the claimant has an impairment, or combination of impairments, that meets or equals a listed impairment, the claimant is disabled. If the claimant does not have an impairment or combination of impairments that meets or equals a listed impairment, the sequential evaluation process proceeds to the next step.

determine the claimant's residual functional capacity.[4] 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv).

"Residual functional capacity" is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis. See SSR 96-8p, 1996 WL 374184. A regular and continuing basis contemplates full-time employment and is defined as eight hours a day, five days per week or other similar schedule. Id. The residual functional capacity (hereinafter "RFC") assessment must include a discussion of the individual's abilities. Id.; 20 C.F.R. §§ 404.1545 and 416.945; Fargnoli v. Massanari, 247 F.3d 34, 40 (3d Cir. 2001) (defining residual functional capacity as that which an individual is still able to do despite the limitations caused by his or her impairment(s)).

Here, at step one, the ALJ determined that there has been a continuous twelve-month period during which plaintiff did not engage in substantial gainful activity. (Doc. 11, Record of Social Security Proceedings (hereinafter "R") at 21). At step two of the sequential analysis, the ALJ found that the plaintiff has the following severe impairments: back disorder and diabetes mellitus. (Id.) At step three, however, the ALJ found that the plaintiff does not have an impairment or

---

[4] If the claimant has the residual functional capacity to do his or her past relevant work, the claimant is not disabled.

7

combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. at 22). The ALJ next found that the plaintiff has the RFC to perform light work and that he is limited to occasional climbing of stairs, balancing, stooping, kneeling, crouching and crawling. (Id.) He must never engage in foot control operation or climbing ladders, ropes and scaffolds. (Id.) He must avoid exposure to hazards and is limited to jobs that he can perform while using a cane to walk. (Id.) Further, he must be allowed to change position every fifteen minutes. (Id.) Based upon this analysis, the ALJ found that plaintiff cannot perform any of his past relevant work. (Id. at 27). Finally, however, the ALJ concluded that considering the claimant's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that he can perform including bonder/semi-conductor; sorter/agricultural produce and carding machine operator. (Id. at 28). Thus, the ALJ found the plaintiff not disabled and not entitled to any social security benefits. (Id. at 28-29).

This appeal followed. In the R&R, Judge Saporito suggests that substantial evidence supports the ALJ's conclusions, and he thus recommends denying the plaintiff's appeal. The plaintiff now objects on the basis that the Magistrate Judge improperly went beyond the four corners of the ALJ's decision in finding that substantial evidence supports his opinion. Specifically, plaintiff argues that the ALJ improperly evaluated the opinion of Dr. Zeliger, plaintiff's treating physician.

8

The analysis of the treating physician is important because where a treating physician's "opinion on the nature and severity of a claimant's impairment is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence . . . it will be given controlling weight." Fargnoli, 247 F.3d at 43 (internal quotation marks and citation omitted). Here, Dr. Zeliger treated the plaintiff, but instead of providing his opinion great weight or controlling weight, the ALJ only provided limited weight to his opinion. Plaintiff argues that the ALJ did not properly explain his reasoning for providing limited weight to the treating physician's opinion.

The Magistrate Judge disagreed with the plaintiff and found that the ALJ properly analyzed Zeliger's opinion. The plaintiff now claims, however, that the Magistrate Judge exceeded the appropriate scope of review. Plaintiff argues that the Magistrate Judge provided his own basis – different from the ALJ's - for not affording controlling weight to Zeliger's opinion. It was inappropriate for the Magistrate Judge to provide his own basis for rejecting the opinion according to the plaintiff. The defendant argues that the Magistrate Judge's review was consistent with the appropriate standard of review. After a careful review, we agree with the defendant.

Here, plaintiff's treating physician opined, in a questionnaire, that plaintiff is unable to work and is limited to lifting ten (10) pounds occasionally and sitting

9

and standing/walking for five to ten (5-10) minutes at a time. (R. at 27, 338-339). The ALJ afforded limited weight to this opinion. He concluded that the record did not provide a medical basis for such an extreme functional limitation or restriction in that the clinical and laboratory findings were relatively benign and to date, plaintiff had been treated conservatively. (R. at 27).

With regard to Dr. Zeliger, the ALJ concluded as follows:

> The July 17, 2014 opinion of Bernard I. Zeliger, D.O., a treating orthopedic physician finding that the claimant is unable to work and that the claimant is limited to lifting and carrying less than ten pounds occasionally, sitting 5-10 minutes at one time, and standing/walking 5-10 minutes at one time . . . has been assigned limited weight, as there is no medical basis in the record for such extreme functional limitations/restrictions in light of the relatively benign clinical and laboratory findings and the conservative nature of treatment to date.

(R. at 26).

The plaintiff's brief in the instant case challenged the ALJ's analysis of the treating physician. The plaintiff notes that a treating physician's opinion should be afforded great weight, and at times controlling weight. When it is assigned little weight, as here, then the ALJ must explain his rejection and it can only be rejected for specific and legitimate reasons properly supported by the evidence in the record. (Doc. 12, Pl.'s Br. at 8-11).

Magistrate Judge Saporito, however, found that substantial evidence in the administrative record supported the ALJ's finding that Dr. Zeliger's opinions were

10

entitled to little weight. The R&R notes that "the ALJ's decision clearly documents his consideration of the consistency of Dr. Zeliger's opinion with the record as a whole, expressly finding that there is no medical basis in the record for such extreme functional limitations/restrictions in light of the relatively benign clinical and laboratory findings and the conservative nature of the treatment to dat." (internal quotation marks omitted)(Doc. 17, R&R at 21).

In support of his position, the plaintiff cites to Fargnoli v. Massanari, 247 F.3d 34 (3d Cir. 2001). In this case, the plaintiff had applied for social security disability insurance benefits, and had been turned down. Id. at 36. He appealed to the District Court, which affirmed the denial. Id. The Third Circuit Court of Appeals reversed the district court. Id. The court found that although the medical record contained 115 pages of treatment notes, the ALJ had only addressed five treatment notes and four diagnostic tests. Id. at 42. The court further held that the ALJ did not explain the reasoning why he gave limited weight to the treating physician's notes and opinions. Id. at 43. One of the treating physicians had opined on twenty-three separate occasions that plaintiff was disabled. Id. The Third Circuit concluded that they could not determine whether the ALJ's step four conclusion was supported by substantial evidence because of his failure to address the evidence sufficiently. Id. at 44. In a footnote, the Third Circuit criticized the district court for "relying on medical records found in its own

11

independent analysis, and which were not mentioned by the ALJ." Id. at n.7. The court indicated that such action runs counter to S.E.C. v. Chenery Corp., 332 U.S. 194 (1947) and quoted S.E.C. as follows: "The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." Id. (quoting S.E.C., 318 U.S. at 87).

Plaintiff argues that here, the R&R does the same thing as the district court did in S.E.C. in that it relies on its own review of the medical records instead of merely reviewing the ALJ's analysis of the records.[3] After a careful review, we disagree with the plaintiff.

In the instant case, the ALJ did a thorough review of the medical records which took up several single-spaced pages of his written decision. (R. at 24-27). Thus, we find that this case is different from Fargnoli where the ALJ performed an inadequate analysis of the medical record. The ALJ's analysis of the treating physician's opinion is properly explained and supported by the evidence which the ALJ highlights in his opinion. He explains the clinical findings, laboratory findings, and conservative nature of the treatment. (Id.) He then concludes that

---

[3] Specifically, in finding that substantial evidence supported the ALJ's conclusion, the magistrate judge examined the record. He found that Dr. Zeliger's opinion was expressed on a short status report and questionnaire – checkbox form in cursory notations. (R&R at 17). An opinion given in a summary fashion on a standardized "check box" form was weak evidence at best according to the R&R. (Id.) The ALJ did not explicitly provide this reasoning for rejecting the treating physician.

the treating physician's findings are provided limited weight because they are not supported by this medical record. (Id. at 27). Thus, even if we accept, without deciding, plaintiff's claim that the magistrate judge exceeded the standard of review, we would nonetheless deny plaintiff's appeal.

In finding that substantial evidence supported the conclusion, the R&R notes that the ALJ documented his consideration of Zeliger's opinion in light of the record as a whole. As set forth above, the ALJ concluded that the record did not provide a medical basis for such extreme functional limitations or restrictions in that the clinical and laboratory findings were relatively benign and to date, plaintiff had been treated conservatively. These conclusions of the R&R do not go beyond the basis provided by the ALJ for his conclusions. The ALJ's opinion stands on its own without the analysis added by the R&R. The R&R's conclusion that the ALJ's decision is supported by substantial evidence is correct. Accordingly, the plaintiff's objections will be denied and the ALJ's decision will be affirmed. An appropriate order follows.

**Date: August 15, 2018**                    **BY THE COURT:**

                                             **s/ James M. Munley**
                                             **JUDGE JAMES M. MUNLEY**
                                             **United States District Court**